IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH HOFER,<br>  Plaintiff,<br><br>v.<br><br>NORTHEAST RECOVERY<br>SOLUTIONS, LLC.,<br>  Defendant. | Civil Action File No.<br><br>4:16-cv-1793<br><br>**Jury Trial Demanded** |

## COMPLAINT

1. Plaintiff Joseph Hofer alleges defendant Northeast Recovery Solutions, LLC ("Northeast Recovery") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating debt collection telephone calls using an automatic telephone dialing system to cellular telephone numbers without his prior express consent. Northeast Recovery also violated the Fair Debt Collection Practices Act by willfully and repeatedly calling plaintiff to collect plaintiff's sister's alleged debt, after plaintiff had requested that it stop calling.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction because this action was brought pursuant to federal law 28 U.S.C. §§ 1331 & 1337 and 47 U.S.C. § 227(b)(3), 15 U.S.C. §1692k.

1

3. Venue in this District is proper because the Plaintiff resides here, received the communications that are the subject of this case while in this District and because the Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a subscriber for his cellular telephone services for telephone number 314- xxx- 5278.

6. Defendant is a debt collection agency located in Amherst, New York.

## FACTUAL ALLEGATIONS

7. In the four year period preceding the filing of this action, Northeast Recovery or some vendor on its behalf, has called plaintiff numbers times to collect a debt allegedly owed by plaintiff's sister. The alleged debt was allegedly incurred for family or household purposes.

8. Plaintiff has no liability for any such debt. Upon information and belief, the application for some such debt included plaintiff's phone number as a non-obligor loan reference by a debtor.

9. Northeast Recovery called plaintiff's cellular telephone using its automated dialing equipment numerous times in 2016, and before.

10. On or about October 18, 2016, plaintiff notified Northeast Recovery that he was not the debtor, and that he did not want any more calls.

11. Of course, because plaintiff was only a loan reference, Northeast Recovery already knew that it should not be calling plaintiff.

12. Despite that plaintiff had requested that calls cease, and despite that Northeast Recovery knew that plaintiff was not the debtor, it continued calling plaintiff's cellular telephone. During one or more calls, Defendant told Plaintiff that Plaintiff should give a message to his sister to call Defendant.

13. Upon information and belief, some or all of Northeast Recovery's calls were made using a telephone system that constituted an automatic telephone dialing system.

14. Plaintiff is not sure exactly how many calls there were because Defendant masked its caller ID to give the false impression that some incoming calls were coming from a local caller. Upon information and belief, alleges based upon his best recollection that there were approximately forty (40) calls that he received from Northeast Recovery, that were made using an automated telephone dialing system.

15. For example, plaintiff received three calls from Northeast Recovery on November 15, 2016.

16. Plaintiff did not consent to any of the calls that are the subject of this case.

17. Northeast Recovery has a policy of calling loan references in order to try to wrench money from debtors, even though it knows that loan references have no liability, and that it is not permitted to contact third parties to collect debts pursuant to the FDCPA.

18. When plaintiff requested the name of the caller during one or more calls, Defendant stated that it was called "NRS Mediations." This statement was false and misleading: defendant is really called Northeastern Recovery Solutions, LLC.

19. Upon information and belief, it is the policy, practice and procedure of Defendant to state on the telephone that it is called "NRS Mediations" or similar, rather than to identify itself using its proper name (or any name that a consumer could look up on the Internet).

20. The telephone calls made by defendant were intentionally, willfully and knowingly initiated.

21. The telephone calls were not initiated by accident or mistake.

22. Plaintiff was substantially damaged and harmed by the violations alleged herein. Defendant's calls and collection attempts were a nuisance which

briefly deprived Plaintiff of the use of his phone, invaded his personal privacy, and wasted his time. Additionally, Plaintiff incurred a reduction in his cellular battery life as a result of Defendant's calls.

## CAUSES OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates all other paragraphs of this complaint.

24. The acts and omissions by Defendants above constitute violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii).

25. For example, Defendant violated the TCPA when it used an automatic telephone dialing system to call Plaintiff's cellular telephone.

26. Additionally, Defendant violated the TCPA by calling Plaintiff's cell phone and played prerecorded and unattended messages.

27. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages or $500.00, whichever is greater, for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

28. Defendant's violations were committed willfully and knowingly. Defendant knew that it did not have Plaintiff's consent to call, and knew that the TCPA prohibited its prerecorded and autodialed calls, but made the calls to Plaintiff in spite of this.

29. Plaintiff requests that Defendant be enjoined from making autodialed or prerecorded calls to loan references or other non-debtors in the future, and that Defendant be required to hire a court-approved third-party auditor it its own expense to ensure compliance with the above injunction, for a period of at least five years.

30. An injunction is necessary to force compliance, as is demonstrated by the fact that Defendant's policy is to make calls to loan references; a systematic and clear violation of the TCPA.

## COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates all paragraphs of this Complaint.

32. The Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. prohibits unfair acts and omissions in connection with collection of a debt.

33. Defendant's actions and omissions as described above violate the FDCPA.

34. For example, it was a false and misleading statement for defendant to tell plaintiff it was called "NRS Mediations" when it is really called Northeast Recovery Solutions, LLC.

35. Plaintiff was damaged by this misrepresentation. Aside from the fact that the calls continued, Plaintiff was effectively prevented from sending defendant a written cease and desist, or otherwise hold Defendant accountable for its actions.

36. Defendants actions and omissions as described above are otherwise deceptive, unfair and constitute violations of the FDCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and against Defendant, as follows:

a. Damages pursuant to 47 U.S.C. § 227(b)(3)(B);

b. Treble damages pursuant to 47 U.S.C. § 227(b)(3);

c. Injunctive relief 47 U.S.C. § 227(b)(3)(A) preventing future conduct by the Defendant in violation of the TCPA as described herein;

d. Statutory and actual damages for violation of the FDCPA;

   Attorney's fees and costs; and such further and additional relief as the court deems just and proper.

Plaintiff herein demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/Robert T. Healey

HEALEY LAW, LLC
Robert T. Healey  No. 34138MO
640 Cepi, Suite A
Chesterfield, MO 63005
Direct:  (314) 401-3261
Fax: (636) 590-2882
bob@healeylawllc.com
www.healeylawllc.com


Alexander H. Burke
*Application Pro Hac Vice forthcoming*
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

ATTORNEYS FOR PLAINTIFF


## Document Preservation Request

Plaintiff requests that defendant please preserve all records relating to any policy, practice or procedure concerning the allegations above, as well as all documents and data concerning its interactions with plaintiff. Defendant is directed to prevent alteration, archiving or other tampering with these and any other documents or data that may have relevance to this action.


/s/Robert T. Healey